**UNITED STATES of America, Plaintiff,**

**v.**

**Armin A. ZIEGENHAGEN, Defendant.**

**No. 76–CR–23.**

United States District Court,
E. D. Wisconsin.

July 28, 1976.

Charles N. Clevert, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Arthur B. Nathan, Racine, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant is charged in an eight-count indictment with violations of 18 U.S.C. 922(a)(6) and 922(h). Counts I through IV charge that the defendant knowingly made false written statements concerning his past criminal record in connection with his purchase of each of four firearms, and that these statements were likely to deceive the seller about the lawfulness of the defendant's acquisition of these firearms in violation of 18 U.S.C. 922(a)(6). Counts V through VIII allege that the defendant, a convicted felon, knowingly received four firearms, each transported in interstate commerce, in violation of 18 U.S.C. 922(h).

Based on the stipulations of fact and the exhibits submitted by the parties, the plaintiff contends that a finding of guilt and judgment of conviction should be entered against the defendant as to each count of the indictment. The defendant poses three arguments in opposition to this contention. For the reasons stated below, I reject the defendant's arguments and will find him guilty as charged in the indictment.

## I. EFFECT OF STATE RESTORATION OF CIVIL RIGHTS

The defendant asserts that he did not make a false statement about a "fact material to the lawfulness of the sale . . . of [a] firearm" under 922(a)(6) when, before purchasing each of four firearms, he wrote "no" in answer to the question: "Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year?" The defendant concedes that he was convicted of burglary and robbery in the Wisconsin state courts. However, he argues that his constitutional right to bear arms was restored pursuant to § 57.078 Wis.Stats., thus making his purchase of firearms lawful. Alternatively, he asserts that even if his previous convictions did make the sale of firearms to him unlawful, he thought that the state's restoration of his civil rights made his purchase lawful.

I reject both of these arguments. Section 57.078, Wis.Stats., provides in part:

> "*Civil rights restored to convicted persons satisfying sentence*
>
> Every person who is convicted of crime obtains a restoration of his civil rights by serving out his term of imprisonment or otherwise satisfying his sentence. The certificate of the department or other responsible supervising agency that a convicted person has served his sentence or otherwise satisfied the judgment against him is evidence of that fact and that he is restored to his civil rights."

*Thrall v. Wolfe,* 503 F.2d 313 (7th Cir. 1974) held that a person who has received a state gubernatorial pardon not based on a determination of innocence is still regarded as convicted under federal statutes prohibiting a convicted felon from transporting or receiving firearms shipped in interstate commerce. Moreover, the Supreme Court has held that the structure and legislative history of the Gun Control Act of 1968, 18 U.S.C. §§ 921–928, demonstrate congressional concern with "keeping firearms out of the hands of categories of potentially irresponsible persons, including convicted felons." *Barrett v. United States,* 423 U.S. 212, 220, 96 S.Ct. 498, 503, 45 L.Ed.2d 450 (1976).

Here the defendant received a restoration of civil rights simply by satisfying his sentence. The parties stipulated that after Mr. Ziegenhagen served a term in prison and completed a period of parole, he received a certificate pursuant to § 57.078 Wis.Stats. Neither the stipulation nor the state statute suggests that the defendant's civil rights were restored because he was subsequently found innocent of the state felony charges.

"[T]he scope of a federal statute normally is not dependent on state law." *Thrall v. Wolfe,* supra. I believe that the defendant's state restoration of civil rights does not remove his felony convictions for the purpose of 922(a)(6) and 922(h). The purpose of the statutes as stated in *Barrett* would be emasculated if every person receiving a restoration of civil rights after completing a state sentence were deemed not to have been convicted within the meaning of these federal laws. Section 922(a)(6) does not suggest that one who serves out his state sentence is any less a convicted felon than a pardoned defendant, not found innocent. See *Thrall v. Wolfe,* supra.

■ I also reject the argument that the defendant believed that his firearm purchase was lawful in view of the restoration of his civil rights. The defendant's views on the lawfulness of his purchase are irrelevant under 922(a)(6). That statute requires only that the purchaser of a firearm "knowingly . . . make any false . . . written statement . . . ." It has been stipulated that the defendant was convicted of two felonies, that he is literate, that he read the previously-quoted question concerning past convictions, and that he answered it "no". The defendant has not suggested that he believed that he had not been convicted of two felonies. From these facts I find that the defendant knew that he was previously convicted of two felonies and therefore conclude that he knowingly gave a false answer concerning his past criminal record.

## II. FIREARMS TRANSPORTED IN INTERSTATE COMMERCE

The defendant argues with respect to counts V through VIII of the indictment that the interstate commerce requirement of § 922(h) should not be construed to include the sale of firearms in Wisconsin by a Wisconsin dealer to a Wisconsin resident. The purpose of this statute, he asserts, is to regulate the "business of interstate trafficking in weapons," not the so-called intrastate sale in the instant case.

■ The defendant's argument has been foreclosed by *Barrett v. United States,* supra. As previously stated, the Supreme Court there found that the purpose of § 922(h) includes keeping firearms out of the hands of convicted felons, among others, 423 U.S. at 220, 96 S.Ct. 498. Accordingly, the Court held that a firearm is transported in interstate commerce within the meaning of § 922(h) if a dealer in one state receives a firearm sent at any time from a manufacturer or distributor in another state. The statute is not limited to transactions in which a dealer orders a specific firearm from another state at the request of a particular purchaser.

The transactions here fall within § 922(h) as construed in *Barrett.* It has been stipulated that the firearms in question were all previously transported to Wisconsin from other states. I therefore conclude that the defendant's argument is without merit.

## III. EQUAL PROTECTION

The defendant finally argues that § 922(h) denies him the equal protection of the laws by prohibiting his receipt of firearms transported in interstate commerce, but not of firearms transported in intrastate commerce.

■ A legislative classification such as this violates the equal protection component of the fifth amendment due process clause only if it creates an invidious discrimination

without rational basis. *Dandridge v. Williams,* 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); see also *Weinberger v. Wiesenfeld,* 420 U.S. 636, 638, note 2, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1975); *United States v. Weatherford,* 471 F.2d 47, 51 (7th Cir. 1972).

"The legislature may select one phase of one field and apply a remedy there, neglecting the others, . . ." *Williamson v. Lee Optical Co.,* 348 U.S. 483, 489, 75 S.Ct. 461, 465, 99 L.Ed. 563 (1955). Here, Congress may have focused on the interstate transport of firearms and left the area of intrastate transport for whatever regulation the states might respectively deem appropriate. Indeed, the defendant's brief cites legislative history to that effect. Such a decision does not violate equal protection. For these reasons, I find the defendant's final argument unpersuasive.

Based on the entire record before me, and in view of my disposition of the defendant's arguments, I believe the defendant, Armin A. Ziegenhagen, to be guilty as charged in the indictment.

Therefore, IT IS ORDERED that a finding of guilty and a judgment of conviction will be entered against the defendant as to each count of the indictment at a hearing in open court to be held at 9:45 A.M., on August 31, 1976. In the interim, the defendant is directed to report promptly to the United States probation office for the preparation of a presentence report. Sentence will be imposed at the aforesaid hearing.