**Stephen E. LEE, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 90–2513.**

United States Court of Appeals, Seventh Circuit.

Submitted June 27, 1991.

Decided Aug. 12, 1991.

Stephen E. Lee, pro se.

Matthew L. Jacobs, Asst. U.S. Atty., Office of the U.S. Atty., Milwaukee, Wis., for U.S.

Before CUMMINGS, POSNER and MANION, Circuit Judges.

POSNER, Circuit Judge.

This is an appeal by a federal prisoner who, having pleaded guilty to fraudulent use of credit cards and been sentenced, unsuccessfully sought post-judgment relief under 28 U.S.C. § 2255, complaining that

he had received ineffective assistance of counsel. Only one issue merits discussion in a published opinion (the others were disposed of in an unpublished order issued on August 2), and that concerns counsel's failure to present, at the sentencing hearing, evidence that during the five-month period of Lee's criminal activity he had legitimate income of $400 a month, rather than, as the sentencing judge was allowed to assume from the incomplete evidence presented, of only $150 a month.

Section 4B1.3 of the Sentencing Guidelines provided, at the time Lee was sentenced, for an enhanced sentence if the defendant "derived a substantial portion of his income" from "a pattern of conduct" of which the crime for which he was being sentenced was a part. Lee's credit card spree obtained for him $8,178.90 worth of merchandise, from which he netted $1,000 by selling the merchandise. Since Lee's criminal income (it is not clear whether the sentencing judge thought this was $8,178.90 or $1,000) "greatly exceeded," in the judge's words, "that by his own admission which he earned from legitimate gainful employment," the judge applied section 4B1.3 and jacked up Lee's sentence accordingly.

If the relevant criminal-income figure is $1,000, and if, properly counseled, Lee could have shown that his lawful income during the same period was $2,000, the specific premise of the judge's decision to enhance the sentence—that Lee's criminal income had "greatly exceeded" his legitimate income—would be destroyed, though the judge might still conclude that one-third of Lee's total income of $3,000 was "a substantial portion of his income." But if the relevant criminal-income figure is the gross rather than the net figure, it would still greatly exceed even his claimed legitimate income of $2,000.

So is gross income or net income the relevant figure? Surely the latter, although there is a contrary dictum in *United States v. Cryer*, 925 F.2d 828, 830 (5th Cir.1991), and a couple of decisions use the gross figure without comment, probably because no issue was raised. *United*

*States v. Irvin*, 906 F.2d 1424, 1425 (10th Cir.1990); *United States v. Luster*, 889 F.2d 1523, 1531 (6th Cir.1989). The object of section 4B1.3 (made clearer by a revision adopted on November 1, 1989, which changes "from which he derived a substantial portion of his income" to "engaged in as a livelihood") is to distinguish the professional from the amateur criminal and punish the former more heavily. From this standpoint the defendant's gross income is neither here nor there; it's his net that is alone relevant. Suppose a defendant had a legitimate job as a retail grocer, grossing $1 million in sales a year and netting $10,000. And suppose that by night he was a burglar, specializing in the theft of cash from home safes, and in the same year stole $20,000 and had no expenses. It would be absurd to say that he did not derive a substantial portion of his income from his crimes, just because his *gross* legal income so greatly exceeded his *gross* (=net) illegal income. If the figures are reversed, and he earns $20,000 in his lawful "day job" and nets $10,000 on thefts of $1 million of retail value of goods that can only be fenced for one cent on the dollar, it would be equally absurd to sentence him on the basis that his illegal "income" exceeded his legal income by a factor of 50. His gross may of course be relevant to the amount of harm he does—for there is no necessary relation between the amount of injury a criminal inflicts and the amount of gain he obtains from it—but other portions of the Sentencing Guidelines deal with the magnitude of the offense. Section 4B1.3 has the narrower office of separating professionals from amateurs on the basis of the extent to which a defendant derives his livelihood from his criminal as distinct from his legal activities. And livelihood is a matter of net rather than gross income. Cf. *United States v. Schneider*, 930 F.2d 555 (7th Cir.1991), discussing a parallel question of the meaning of "loss" (whether gross or net) under another section of the guidelines. Any doubts are dispelled by a subsequent amendment to section 4B1.3 which by confining the section to persons who earn at least 2,000 times the minimum

wage per year makes clear that net rather than gross income is the concern.

 Since the evidence that Lee claims his lawyer failed, in violation of minimum professional standards, to present at the sentencing hearing could have changed the sentence, the "prejudice" component of the ineffective-assistance inquiry is satisfied, and the case must be returned to the district court to determine whether in fact the lawyer's default brought him beneath the constitutional minimum for the representation of criminal defendants. In all other respects the judgment of the district court is affirmed, as explained in our order.

AFFIRMED IN PART, AND VACATED AND REMANDED IN PART.