966 F.2d 1457
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Herman C. HATCHER, Defendant-Appellant.
 No. 91-2326.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 16, 1992.
Decided June 22, 1992.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 James R. Bittorf filed a motion pursuant to Circuit Rule 51(a) to withdraw as court-appointed counsel for Herman Hatcher. Bittorf's motion and supporting brief, filed in accordance with Anders v. California, 386 U.S. 738 (1967) and United States v. Edwards, 777 F.2d 364 (7th Cir.1985), claim that all issues on appeal are frivolous. We notified Hatcher of his attorney's motion, to which he responded. Finding no meritorious issue for appeal, we grant counsel's motion to withdraw and dismiss the appeal as frivolous.
 
 I. BACKGROUND
 
 2
 Officers of the Milwaukee Police Department arrested Hatcher after receiving a citizen complaint about a disturbance at a local tavern involving a man armed with a pistol. A search incident to arrest produced a .38 revolver concealed in the appellant's trousers.
 
 
 3
 A federal grand jury indicted Hatcher on a single count of firearms possession in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The indictment charged that he had been convicted of at least three prior violent felonies, that he had knowingly possessed a firearm, and that the weapon had travelled in interstate commerce. The indictment listed five prior convictions in the Circuit Court for Milwaukee County, including: robbery in 1953, 1957, and 1964; armed robbery in 1975; and second degree sexual assault in 1985.
 
 
 4
 After initially entering a plea of not guilty, Hatcher filed a pro se motion to inspect the grand jury minutes and/or dismiss the indictment. The motion asserted that no evidence existed to substantiate the defendant's knowing possession of a firearm which had travelled in and affected interstate commerce. The district court ordered the government to prepare a redacted indictment. Neither Hatcher nor Gregory Parr, his attorney in the district court proceedings, filed other motions.
 
 
 5
 Hatcher pled guilty to the single count of the indictment. At the sentencing hearing Hatcher stipulated to certified judgments of his prior felony convictions. Pursuant to § 924(e)(1), the district court judge sentenced Hatcher to 180 months in prison and five years of supervised release. After Hatcher filed a timely notice of appeal, this court discharged Parr for failing to provide adequate representation as well as for failing to prosecute. We appointed Bittorf in his place. Hatcher states that he and Bittorf never substantively discussed the case before Bittorf filed the motion to withdraw under Rule 51(a).
 
 II. ANALYSIS
 
 6
 Prior to granting an attorney's motion to withdraw under Anders an appellate court must satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal. Also, it must determine whether counsel correctly concluded that the appeal is frivolous. United States v. Williams, 894 F.2d 215, 217 (7th Cir.1990) (quoting McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429 (1988)).
 
 A. Issues Raised on Appeal
 
 7
 The Anders brief raises three potential issues: sufficiency of the indictment, selective prosecution, and improper enhancement of the sentence based on constitutionally invalid prior convictions. The challenge to the sufficiency of the indictment is without merit. An indictment is sufficient if, read as a whole, it "states all of the elements of the offense charged, informs the defendant of the nature of the charges so he can prepare a defense, and enables the defendant to assess any double jeopardy problems the charge may raise." United States v. Stout, No. 91-1679, 1992 WL 119060, at *4, 1992 U.S.App. LEXIS 12455, at * 10 (7th Cir. June 4, 1992); United States v. Sloan, 939 F.2d 499, 501 (7th Cir.1991), cert. denied, 60 U.S.L.W. 3489 (U.S.1992). The crime of a felon in possession of a firearm requires that a person convicted of a crime punishable by imprisonment for a term exceeding one year possess a firearm that had travelled in or affected interstate commerce. 18 U.S.C. § 922(g)(1). The indictment returned by the grand jury was constitutionally sufficient because it clearly set forth the elements of the offense and enabled Hatcher to prepare his defense.
 
 
 8
 The selective prosecution and improper enhancement issues are raised for the first time on appeal. Absent plain error by the district court, this court may not entertain arguments that parties fail to advance in proceedings below. United States v. Langer, 962 F.2d 592, 597 (7th Cir.1992); United States v. Henry, 933 F.2d 553, 558 (7th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (1992). See also Fed.R.Crim.P. 52(b). Plain error exists if there occurs a miscarriage of justice so blatant that, but for the error, acquittal would result. Henry, 933 F.2d at 558; United States v. Silverstein, 732 F.2d 1338, 1349 (7th Cir.1984), cert. denied, 469 U.S. 1111 (1985). Since we are not convinced that any such miscarriage of justice transpired here, the arguments concerning selective prosecution and improper enhancement were waived.
 
 B. Issue Raised in Response to Anders Brief
 
 9
 Hatcher pursues the improper enhancement issue in his response to the Anders brief. Insisting that his appeal is meritorious, he describes his situation as "very similar" to United States v. Traxel, 914 F.2d 119 (8th Cir.1990) (statute with prospective effect did not retroactively limit restoration of appellant's civil rights). He notes that Wisconsin fully restored rights circumscribed by his prior convictions. Since § 921(a)(20)[1] exempts from consideration under § 924(e)(1) any prior violent felony convictions for which a person's civil rights were restored, Hatcher seems to suggest that he does not have the three prior convictions necessary to sustain the mandatory minimum sentence of fifteen years applicable to anyone who violates § 922(g).
 
 
 10
 But in this approach he is tilting at windmills. Insofar as Wisconsin law forbids convicted felons from possessing a firearm regardless of whether they have regained other civil rights, Hatcher is mistaken that the state granted full restoration of the rights he forfeited upon earlier convictions. WIS.STAT. § 941.29 (1989-90). See also United States v. Ziegenhagen, 776 F.Supp. 441, 449 (W.D.Wis.1991), appeal docketed, No. 91-3516 (7th Cir. Oct. 31, 1991). Moreover, the statute applies retroactively. See Wis.Laws ch. 141, § 2 (1981); Ziegenhagen, 776 F.Supp. at 449. This court held in United States v. Erwin, 902 F.2d 510 (7th Cir.1990), cert. denied, 111 S.Ct. 161 (1990) (construing Illinois law), that a person prohibited from possessing weapons under state law remains a convicted felon even though other civil rights may have been restored.[2] As a result, the prior convictions for which Hatcher claims he regained his civil rights in fact continued to operate as convictions with respect to the prohibition on weapons acquisition and possession. The government therefore could use these convictions for sentence enhancement.
 
 
 11
 After reviewing the sentencing transcript, we conclude that the district court properly imposed the mandatory sentence of fifteen years. Our review reveals no other issues upon which we could base a reversal of Hatcher's sentence.
 
 
 12
 For the foregoing reasons, attorney Bittorf's motion to withdraw is GRANTED, and this appeal is DISMISSED as frivolous. Hatcher's response urging withdrawal of the Anders brief and appointment of new counsel is DENIED as moot.
 
 
 
 [1]
 Section 921(a)(20) states in pertinent part:
 Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.
 18 U.S.C. § 921(a)(20) (1991).
 
 
 [2]
 In Erwin we drew an important distinction between restoration of civil rights by operation of statute and through written notice of discharge:
 If the state sends the felon a piece of paper implying that he is no longer "convicted" and that all civil rights have been restored, a reservation in a corner of the state's penal code can not be the basis of a federal prosecution. A state must tell the felon point blank that weapons are not kosher.... When, however, the state sends no document granting pardon or restoring rights, there is no potential for deception and the question becomes whether the particular civil right to carry guns has been restored by law.
 Id. at 512-513. See also United States v. Decoteau, 932 F.2d 1205 (7th Cir.1991) (prior conviction remained in effect because restoration of civil rights by statute created no potential for deception). But see United States v. Ziegenhagen, 776 F.Supp. 441 (W.D.Wis.1991) (prior conviction remained in place when district court expressly told defendant that receipt of a discharge certificate did not remove his disabilities, even though a certificate silent on the question conceivably mislead him to believe otherwise), appeal docketed, No. 91-3516 (7th Cir. Oct. 31, 1991).
 Neither Hatcher nor his attorneys suggested in the earlier proceedings that he was deceived into thinking that he could possess firearms lawfully upon restoration of his civil rights. In fact, the record fails to reveal which method--certificate of discharge or statute--restored Hatcher's civil rights, a critical inquiry under Erwin.