NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2018
Decided February 22, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 17-1523

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* <br><br> *v.* <br><br> KENNETH SHOULDERS, *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 14 CR 330-1 <br><br> Virginia M. Kendall, *Judge.* |

**O R D E R**

Kenneth Shoulders operated a drug-trafficking organization in Chicago. He pleaded guilty to one count of conspiring to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1). The district court sentenced him to 5 years' supervised release and 168 months' imprisonment, the bottom of his guidelines range. Shoulders filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Although Shoulders was notified under Circuit Rule 51(b) of his right to respond to counsel's motion, he has not done so. Because counsel's brief appears to be thorough,

we limit our review to the subjects she discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers whether it would be frivolous for Shoulders to challenge the voluntariness of his plea when the court did not wholly comply with Federal Rule of Criminal Procedure 11 in conducting the plea colloquy. Counsel, having verified that Shoulders wishes to withdraw his guilty plea, properly considers the issue. *United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002). Because Shoulders did not move to withdraw his plea in the district court, we would review the adequacy of the plea for plain error. *See United States v. Polak*, 773 F.3d 428, 431 (7th Cir. 2009). Counsel notes three omissions in the plea colloquy, but properly concludes that all of them are harmless. First, the court neglected to tell Shoulders that his sworn statements during the colloquy could be used in a perjury prosecution, *see* FED. R. CRIM. P. 11(b)(1)(A), but no prosecution is pending or anticipated. *See United States v. Blalock*, 321 F.3d 686, 689 (7th Cir. 2003). Second, the district court failed to mention Shoulders's right to counsel at trial, *see* FED. R. CRIM. P. 11(b)(1)(D), but Shoulders already was represented by counsel and nothing in the record suggests he did not know that counsel would continue to represent him if he opted for trial. *See United States v. Lovett*, 844 F.2d 487, 491–92 (7th Cir. 1988). Third, the district court did not tell Shoulders that he had the right to persist in his plea of not guilty, *see* FED. R. CRIM. P. 11(b)(1)(B), but this information was conveyed to Shoulders in his plea agreement. *See United States v. Adams*, 746 F.3d 734, 746–47 (7th Cir. 2014).

Counsel also considers whether Shoulders could challenge the validity of his plea based on a conflict of interest of the attorney who represented him at his change-of-plea hearing—Joan Hill-McClain—who had previously represented three of Shoulders's codefendants in other cases. The government, anticipating that two of these codefendants would be called as witnesses at Shoulders's sentencing hearing, moved to disqualify Hill-McClain. The court held a status hearing to probe the possible conflict of interest and eventually appointed new counsel to represent Shoulders for sentencing purposes. Counsel considers whether Hill-McClain suffered from an actual conflict of interest while representing Shoulders but concludes that the facts here point only to successive representation of individuals, and this alone is insufficient to create an actual conflict of interest.

We agree with counsel that it would be frivolous to argue that Hill-McClain's earlier representation created a conflict of interest that undermined the validity of his plea. Successive representation constitutes an actual conflict of interest only when the

earlier representation was substantially related to the lawyer's representation of the current client, or when the lawyer learned of confidential information during the earlier representation that was relevant to the current client's case. *Enoch v. Gramley*, 70 F.3d 1490, 1496 (7th Cir. 1995). That was not the case with Hill-McClain. She represented the codefendants in separate state-court criminal cases. Nor is there any evidence that she learned relevant confidential information while representing these clients. And we need not concern ourselves with the corollary danger that this successive representation would have led Hill-McClain to cross-examine her former clients less rigorously, *see id.*, as she withdrew prior to Shoulders's sentencing hearing.

Counsel relatedly considers whether Shoulders could argue that Hill-McClain rendered ineffective assistance by pressuring him to plead guilty because of her conflict of interest, but appropriately concludes that such a claim should be presented in a collateral action under 28 U.S.C. § 2255 so that a fuller record can be developed. *See Massaro v. United States*, 538 U.S. 500, 508 (2003); *United States v. Smith,* 771 F.3d 1045, 1047 (7th Cir. 2014).

Next, counsel evaluates whether Shoulders could argue that the district court erred by increasing his offense level by four levels for a leadership role, *see* U.S.S.G. § 3B1.1, but properly concludes this argument would be frivolous. In determining whether the adjustment applies, the district court considers, among other things, "the exercise of decision making authority, the nature of participation in the commission of the offense,…the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense…and the degree of control or authority exercised over others." *Id.* § 3B1.1 cmt. n. 4. At sentencing, the district court considered that Shoulders purchased wholesale quantities of heroin, set prices, cut and packaged the heroin, directed others where to deliver it, received the profits, and paid other members of the conspiracy. This is more than sufficient to support the imposition of the leadership adjustment. *See United States v. Cooper*, 767 F.3d 721, 733–34 (7th Cir. 2014) (upholding adjustment where defendant financed drug buys, secured apartments where drugs were sold, sent codefendant to acquire heroin, and set price of drugs).

Counsel also asks whether Shoulders could challenge the two-level increase for criminal livelihood. *See* U.S.S.G § 2D1.1(b)(15)(E). The adjustment applies when (1) the defendant derived income from a pattern of criminal activity that in any 12-month period exceeded 2,000 times the minimum wage and (2) the totality of the circumstances shows that such criminal conduct was the defendant's primary occupation during that period. *See* U.S.S.G. § 4B1.3, cmt. n. 2. Shoulders objected to this

increase at sentencing because, he said, his drug activity only *supplemented* his legal income. But the district court noted that Shoulders's legal income amounted to only $130 per week. The court inferred that because over $50,000 cash was found in his home on the day of his arrest, the bulk of his income derived from his criminal activity. *See Lee v. United States*, 939 F.2d 503 (7th Cir. 1991) (approving sentencing court's comparison between illegal and legal income to determine whether criminal conduct constituted that defendant's livelihood). It would be frivolous to challenge the application of the adjustment.

As a final matter, counsel considers and rejects a challenge to Shoulders's sentence as unreasonable. The court correctly calculated his guidelines range (168 to 210 months, based on an offense level of 35 and criminal history category of I). Additionally, Shoulders's 168-month prison sentence and 5-year term of supervised release are within the range suggested by the Guidelines so they are presumptively reasonable. *See United States v. Jones*, 774 F.3d 399, 404 (7th Cir. 2014).

Accordingly, we GRANT counsel's motion and DISMISS Shoulders's appeal.