69 F.3d 541
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
L. Joseph LAPINSKY, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-3805MN
 United States Court of Appeals, Eighth Circuit.
 Nov. 3, 1995.
 
 Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 L. Joseph Lapinsky pleaded guilty in 1989 to being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g). In sentencing Lapinsky, the district court applied the enhanced penalty provision of 18 U.S.C. Sec. 924(e)(1), which sets a mandatory minimum sentence of fifteen years for Sec. 922(g) violators with three earlier violent felony convictions. In 1994, Lapinsky filed this 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence, arguing his plea counsel was ineffective. The district court summarily denied the motion, originally and on reconsideration. Lapinsky appeals. After de novo review, we are convinced the Sec. 2255 " 'motion and the files and records of the case conclusively show [Lapinsky] is entitled to no relief.' " United States v. Duke, 50 F.3d 571, 576 (8th Cir.) (quoting 28 U.S.C. Sec. 2255), cert. denied, 64 U.S.L.W. 3246 (U.S. Oct. 2, 1995) (No. 95-5243). We thus affirm the summary dismissal of Lapinsky's motion.
 
 
 2
 Lapinsky argues his plea counsel's assistance was constitutionally ineffective in two ways. First, Lapinsky attacks the attorney's failure to argue that Lapinsky's 1968 Missouri conviction for robbery could not be used for enhanced penalty purposes because Missouri automatically restored Lapinsky's civil rights when he completed his sentence in 1969. An earlier conviction is not counted towards Sec. 924(e)'s enhanced penalty if the convict's civil rights have been restored under the law of the convicting jurisdiction. 18 U.S.C. Sec. 921(a)(20). Under Missouri law in effect in 1969, however, convicted felons could not hold certain law enforcement positions or serve as a juror absent a certificate from the board of probation restoring their civil rights. See Mo.Rev.Stat. Sec. 43.060 (1969) (ineligibility for service in highway patrol); Mo.Rev.Stat. Sec. 57.010 (1969) (ineligibility for election to office of sheriff); Mo.Rev.Stat. Sec. 494.020(1) (1969) (repealed) (ineligibility for jury service unless rights restored); Mo.Rev.Stat. Sec. 216.355.3 (1969) (repealed) (restoring civil disabilities incurred on first felony conviction on final discharge from parole if felon obtains certificate to that effect); Presley v. United States, 851 F.2d 1052, 1053 (8th Cir.1988) (finding no substantial restoration of civil rights under similar post-1977 statutes). Because Lapinsky has not alleged or shown that he received a certificate restoring his civil rights, he has failed to make the necessary threshold showing that his civil rights were restored for purposes of Sec. 921(a)(20), and thus, that he was prejudiced by counsel's failure to raise this issue at sentencing.
 
 
 3
 Second, Lapinsky attacks his plea attorney's failure to challenge the validity of Lapinsky's three earlier convictions collaterally. Lapinsky could not attack the validity of the earlier convictions at his sentencing, however. See Custis v. United States, 114 S.Ct. 1732, 1734, 1738 (1994) (defendant in federal sentencing proceeding cannot collaterally attack validity of earlier state convictions used to enhance sentence under Sec. 924(e) except convictions obtained in violation of right to counsel). Accordingly, Lapinsky cannot show his attorney's failure to challenge the earlier convictions prejudiced him.
 
 
 4
 We affirm the district court.