**Otto PRESLEY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 87–2590.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1988.

Decided July 12, 1988.

Before ARNOLD, Circuit Judge, FLOYD R. GIBSON and HENLEY, Senior Circuit Judges.

ARNOLD, Circuit Judge.

Otto Presley was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(1)(B), and entered a conditional guilty plea, see

---

Fed.R.Crim.P. 11(a)(2), that reserved his right to appeal the issue he raises here. The District Court[1] accepted the conditional plea and sentenced Presley to three years' probation and a special assessment of $50.00.

The federal law prohibiting possession of firearms by felons was amended in 1986 by the Firearms Owners' Protection Act, P.L. 99–308, 100 Stat. 449, and the question presented is whether the felony conviction alleged in the indictment is a conviction as that term is presently defined in the Act. The Act states:

> What constitutes a conviction of [a felony] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20).

At the time of the alleged crime, Presley had completed his sentence for the felony conviction charged in the indictment. A Missouri statute passed in 1977 (which, the Missouri courts have held, repealed earlier inconsistent laws) provides, in pertinent part, that there is no legal disqualification or disability on account of a criminal conviction, except as provided by statute. Mo. Ann.Stat. § 561.016. This, Presley argues, automatically restored his civil rights upon release from custody, and therefore excludes his conviction from the scope of the Act. The government responds that several other Missouri statutes passed, amended, or reenacted since 1977 have imposed legal disabilities on convicted felons, see Mo.Ann.Stat. §§ 561.026(3) (disqualification from service as juror), 494.020 (same), 57.-010 (ineligibility for election to office of sheriff), 43.060 (ineligibility for service in highway patrol). To this Presley replies that the federal law requires only substantially complete restoration of civil rights, which he claims he has demonstrated. The government disagrees, arguing that the Act demands nothing less than complete restoration of all rights formerly enjoyed, or, if substantial restoration is sufficient, that Presley has not made such a showing.

 The District Court held that Congress intended substantial, not total, restoration of civil rights in order to qualify for the exclusion. But it refused to hold that Presley's conviction falls within the exclusion, stating, "While the question is a close one, I believe the combination of limitations is sufficient so that I cannot in good conscience say that Missouri has substantially preserved or restored the civil rights of released convicts, as contemplated by Congress." *United States v. Presley*, 667 F.Supp. 678, 679, (W.D.Mo.1987). We agree with the District Court's reasoning and conclusion, and we affirm on the basis of its opinion. See 8th Cir.R. 14.

---

**1.** The Hon. Howard F. Sachs, United States District Judge for the Western District of Missouri.