**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Baldemar GOMEZ,
Defendant–Appellant.**

No. 89–30064.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 1990.

Decided Aug. 8, 1990.

Scott E. Fouser, Gigray, Miller, Downen & Fouser, Caldwell, Idaho, for defendant-appellant.

Kim R. Lindquist, Asst. U.S. Atty., Boise, Idaho, for plaintiff-appellee.

Before WRIGHT, REINHARDT and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

May a state statute restore a convicted felon's civil rights and thus effectively bar prosecution under a federal statute for unlawful possession of a firearm? After analysis of relevant Idaho and federal statutes we conclude the answer is "yes."

I

Before his arrest in this case, Baldemar Gomez had been convicted in Idaho of five crimes punishable by imprisonment for terms exceeding one year. Over the course of approximately thirteen years, he had been convicted of second-degree murder, voluntary manslaughter, resisting an officer, possession of a controlled substance by an inmate, and battery on a correctional officer. After completing his sentences for all of these crimes Gomez

was discharged by Idaho authorities on December 13, 1986.

On November 13, 1987, Sheriff's officers from Canyon County, Idaho, entered Gomez's home pursuant to a lawful search warrant. Officer Lindquist observed Gomez moving about in the pantry, pulled him out, and handcuffed him. Upon searching the pantry, officer Lindquist discovered a .38 caliber, semi-automatic pistol. A grand jury charged Gomez with having knowingly possessed a firearm after having been previously convicted of a crime punishable by imprisonment for a period of more than one year. *See* 18 U.S.C. § 922(g)(1).

Prior to trial, Gomez filed a motion in the district court for a bifurcated presentation of evidence, which the district court denied. Gomez subsequently filed a motion to dismiss the indictment, which the district court denied. After a two-day trial the jury found Gomez guilty as charged and judgment was duly entered and sentence imposed.

Gomez now appeals from the district court's orders denying his motions to bifurcate and to dismiss. We have jurisdiction under 28 U.S.C. § 1291.

## II

Under 18 U.S.C. § 922(g),

[i]t shall be unlawful for any person—

1) who has been *convicted* in any court of a crime punishable by imprisonment for a term exceeding one year … to … possess … any firearm or ammunition.

(emphasis added). As used in this statute, the word "convicted" has a precise meaning:

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil

rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20).

The first sentence in this passage from section 921(a)(20) leads us to the Idaho Statutes. All criminal proceedings concerning Gomez took place in Idaho; therefore, the law of Idaho controls. *See United States v. Cassidy*, 899 F.2d 543, 545 (6th Cir.1990) (applying law of Ohio).

The second sentence of this passage "exempt[s] a person from federal firearms disabilities, notwithstanding a felony conviction, if such person has 'had civil rights restored … unless such … restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.'" *Id.* at 546 (quoting 18 U.S.C. § 921(a)(20)). That is, "[i]f state law has restored civil rights to a felon, without expressly limiting the felon's firearms privileges, that felon is not subject to federal firearms disabilities." *Id.* Whether Idaho restored Gomez's civil rights and then whether Idaho expressly limited Gomez's firearms privileges are the controlling issues before us.

## A

■ To determine whether a convicted felon's civil rights have been restored within the meaning of section 921(a)(20), we look to the whole of state law. *See id.*, 899 F.2d at 549. In enacting section 921(a)(20), "[t]he intent of Congress was to give effect to state reforms with respect to the status of an ex-convict. A narrow interpretation requiring that we look only to the document, if any, evidencing a restoration of rights, would frustrate the intent of Congress." *Id.* at 548 (citing S.Rep. No. 97–476, 97th Cong., 2d Sess. 4, 12 (1982)).

There need not be a "full" restoration of rights. *Cassidy*, 899 F.2d at 549; *Presley v. United States*, 851 F.2d 1052, 1053 (8th Cir.1988). "If Congress had intended a requirement of a complete restoration of all rights and privileges forfeited upon conviction, it could easily have so stated." *Cassidy*, 899 F.2d at 549. Congress chose not to impose such a requirement.

Like many other states, Idaho has a general provision in its state laws restoring rights to convicted felons who have completed their prison and probation terms. Section 18–310(2) of the Idaho Code states that

> [u]pon the final discharge of a person convicted of any felony except treason, *a person shall be restored the full rights of citizenship.* As used in this subsection, 'final discharge' means satisfactory completion of imprisonment, probation and parole as the case may be." (emphasis added).[1]

Unlike some states, Idaho also expressly provides that discharged felons may vote and serve on a jury. *Compare* Idaho Constitution, Art. 6, § 3 (persons disqualified from right to vote include those who have "been convicted of a felony, and who ha[ve] not been restored to the rights of citizenship"), *and id.* § 2–209(2)(d) (prospective juror disqualified to serve only if he "has lost the right to vote because of a criminal conviction"), *with Presley,* 851 F.2d at 1053 (Missouri law disqualifies convicted felon from service on a jury and from eligibility for election as sheriff).

In spite of these various state-code provisions, the U.S. Attorney argues that Idaho has not restored Gomez's civil rights. The government points to certain statutory restrictions which Idaho has placed upon convicted felons. For instance, under the Idaho Rules of Evidence, a former felon may be impeached at trial. *See* Idaho R.Evid. 609. A prior felony conviction may be taken into account for purposes of sentencing for another crime, *see* Idaho Crim.R. 32(b)(2) and in the setting of bail, *see* Idaho Crim. Rule 46(a)(7). A convicted felon may be prosecuted as a persistent violator under Idaho law. *See* Idaho Code § 19–2514.

We are not persuaded that these restrictions overcome the effect of Idaho's broad restoration of rights provision and the attendant statutes expressly granting to discharged felons the rights to vote and serve on a jury.

In determining that Gomez's civil rights have been restored, we decline to accept the government's suggestion that the federal statute only recognizes restoration by individual affirmative act. It is not enough, the government argues, that the state code contains provisions granting rights to discharged felons.[2] The federal statute, however, does not impose such a requirement. The statute plainly states that "[a]ny conviction ... for which a person ... has had civil rights restored shall not be considered a conviction ... unless restoration of civil rights expressly provides that the person may not ship, transport, possess or receive firearms." 18 U.S.C. § 921(a)(20). If Congress intended to require an individual affirmative act of restoration by the state, Congress could have so provided. We will not infer the requirement. "Where Congress has manifested its intention, we may not manufacture ambiguity in order to defeat that intent." *Bifulco v. United States,* 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980).

### B

We next consider whether Idaho "expressly provides that [a convicted felon] may not ship, transport, possess or receive firearms." 18 U.S.C. § 921(a)(20). If it does, then Gomez was properly convicted under section 922(g) notwithstanding his restoration of other civil rights. *See Cassidy,* 899 F.2d at 550. We emphasize, however, that the provision restricting the convicted felon's right to ship, transport, possess or receive firearms must be express. "A state must tell the felon point blank that weapons are not kosher." *United*

---

**1.** We note that the Attorney General for the state of Idaho has rendered a legal opinion to the effect that the term "rights of citizenship," as used in Idaho Code § 18–310(2), means "civil rights." *See* State of Idaho Attorney General's Opinion No. 86–16, Dec. 19, 1986, at 6 (available on Westlaw).

**2.** The government appears to draw its argument from a formal legal opinion interpreting the

federal statute rendered by the Attorney General for the State of Idaho. *See* Idaho Attorney General's Opinion No. 86–16, Dec. 19, 1986 ("[a] conviction for [a] felony is a historical fact which does not waft away without an expungement"). We give the Idaho Attorney General's opinion, construing federal law, no special weight and decline to follow it here.

*States v. Erwin,* 902 F.2d 510, 513 (7th Cir.1990).

■ Idaho does not expressly provide that a convicted felon "may not ship, transport, possess or receive firearms." The government fails to point to any Idaho statute imposing such a restriction upon convicted felons. This crucial fact distinguishes the present case from *Erwin* and *Cassidy.* In those cases, other circuit courts of appeal determined that the states had expressly restricted convicted felons from possession of firearms. *See Erwin,* 902 F.2d at 518 (noting that Ill.Rev.Stat. ch. 38 ¶ 24–1.1 makes it a crime for a previously convicted felon to possess a firearm); *Cassidy,* 899 F.2d at 550 n. 15 (Ohio Rev. Code § 2923.13 provides, *inter alia,* that a previously convicted felon may not possess a firearm).

Because Idaho has no such express provision in its code, we must overturn Gomez's conviction. Idaho restored Gomez's civil rights without expressly restricting his right to possess firearms. We cannot say that at the time of his arrest he stood "convicted" of a crime punishable by imprisonment for a term exceeding one year within the meaning of section 922(g).[3]

REVERSED AND REMANDED.

---

3. Having determined that Gomez's motion to dismiss his indictment should have been granted, we need not consider whether the district court erred in denying Gomez's motion to bifurcate.