UNITED STATES of America, Appellee,

v.

Harlin Jerome TRAXEL, Appellant.

No. 89–5305.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1989.

Decided Sept. 6, 1990.

Andrea George, Minneapolis, Minn., for appellant.

Joseph T. Walbran, Minneapolis, Minn., for appellee.

Before WOLLMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and McMILLAN,* District Judge.

HEANEY, Senior Circuit Judge.

Harlin Jerome Traxel appeals from a sentence of fifteen years imprisonment following a plea of guilty to one count of an indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). We vacate Traxel's sentence and remand to the district court for resentencing.

## BACKGROUND

In December 1988, a federal grand jury indicted Traxel on two counts of firearms possession in violation of 18 U.S.C. §§ 922(g)(1)[1] and 924(e)(1). As a basis for the charges of being a felon in possession of a firearm, the indictment listed four prior felony convictions: a federal bank robbery conviction in 1978; Minnesota convictions for burglary in 1969 and 1977; and a Minnesota conviction for aggravated assault in 1969.

Traxel pleaded guilty to Count I of the indictment and the second count was dismissed. Prior to sentencing, Traxel filed a statement with respect to sentencing factors contending that he should not be subject to the enhanced penalty provision of 18 U.S.C. § 924(e)(1) based on his prior convictions. Section 924(e)(1) requires a mandatory minimum sentence of fifteen years for anyone violating section 922(g) who has three previous convictions for violent felonies.[2] 18 U.S.C. § 924(e)(1) (1988).

---

* The Honorable James B. McMillan, United States District Judge for the Western District of North Carolina, sitting by designation.

1. Section 922(g) states in relevant part:
   It shall be unlawful for any person—
   (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

   .     .     .     .     .

   to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

   18 U.S.C. § 922(g) (1988).

2. Section 924(e)(1) defines "violent felony" as follows:
   [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
   (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

Section 921(a)(20), however, exempts from consideration under section 924(e)(1) any convictions for which a person has had civil rights restored. 18 U.S.C. § 921(a)(20) (1988).[3] Traxel claimed that, because Minnesota law automatically restored his civil rights on completion of his sentences for the state law felonies, these convictions could not be considered "violent felonies" for the purpose of applying the fifteen-year mandatory minimum sentence of section 924(e)(1).

The district court rejected Traxel's argument, finding that although Minn.Stat. § 609.165 subd. 1 restores a convicted felon's basic civil rights upon his release from custody,[4] other Minnesota statutes impose substantial restrictions on those civil rights. *United States v. Traxel,* Cr. No. 4–88–140, mem. op. at 4–6 (D.Minn. May 16, 1989) (citing *Presley v. United States,* 851 F.2d 1052 (8th Cir.1988)). The court found that these remaining restrictions indicated that Minnesota had not substantially restored the civil rights of released convicts within the meaning contemplated by Con-

gress in section 921(a)(20). The court concluded that the "legal restrictions which remain on a convicted felon's civil rights even after general civil rights are restored by Minn.Stat. § 609.165 are such that Minnesota convictions for violent felonies may be considered as previous convictions under 18 U.S.C. § 924(e)(1)." *Id.* at 5–6. Accordingly, the court sentenced Traxel to fifteen years imprisonment to be followed by a three-year term of supervised release, and ordered Traxel to pay a special assessment of $50 pursuant to 18 U.S.C. § 3013. Traxel appeals.

## DISCUSSION

On appeal, Traxel renews his claim that his previous Minnesota convictions for which he has had his civil rights restored do not constitute violent felonies within the meaning of the sentence enhancement provision of 18 U.S.C. § 924(e)(1).[5]

The government argues that the definition of "crime punishable by imprisonment for a term exceeding one year" found in section 921(a)(20) should apply only to es-

---

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B) (1988).

**3.** Section 921(a)(20) states:
(a) As used in this chapter—

. . . . .

(20) The term "crime punishable by imprisonment for a term exceeding one year" does not include—
(A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or
(B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.
What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20) (1988).

**4.** That section states:
When a person has been deprived of civil rights by reason of conviction of a crime and is thereafter discharged, such discharge shall restore the person to all civil rights and to full citizenship, with full right to vote and hold office, the same as if such conviction had not taken place, and the order of discharge shall so provide.

Minn.Stat. § 609.165 subd. 1 (1989). A 1987 amendment to the statute provides:
The order of discharge must provide that a person who has been convicted of a crime of violence ... is not entitled to ship, transport, possess, or receive a firearm until ten years have elapsed since the person was restored to civil rights and during that time the person was not convicted of any other crime of violence....

Minn.Stat. § 609.165 subd. 1a (1989).

**5.** Traxel also attacks the constitutionality of the special assessment provision of the Victims of Crime Act of 1984, 18 U.S.C. § 3013, claiming that it was enacted in violation of the origination clause of the Constitution. The Supreme Court recently rejected this argument in *United States v. Munoz–Flores,* — U.S. —, 110 S.Ct. 1964, 109 L.Ed.2d 384 (1990).

tablish the substantive felon-with-a-firearm offense proscribed in section 922(g). The government claims that this definition, and its exception for previous felony convictions for which a person has had his civil rights restored, are irrelevant for purposes of defining the predicate violent felonies requiring sentence enhancement under section 924(e)(1). The government asserts that section 924(e)(2)(B)'s definition of "violent felony" is an independent, federal definition of that term to be used in determining whether sentence enhancement based on a defendant's prior felony convictions is warranted.

The government's argument lacks merit. It fails to note that section 924(e)(2)(B) defines "violent felony," as, inter alia, "any crime punishable by imprisonment for a term exceeding one year." Section 924(e) thus incorporates by reference section 921(a)(20)'s definition of "crime punishable by imprisonment for a term exceeding one year" and its exclusion from that definition of any conviction for which a person has had civil rights restored. *See supra* note 3. This definition, by its terms, applies throughout the entire firearms chapter of the United States Code. 18 U.S.C. § 921(a) (1988).[6]

The government argues in the alternative that the district court properly relied on *Presley v. United States*, 851 F.2d 1052 (8th Cir.1988), to determine that the restoration of a convicted felon's civil rights under Minn.Stat. § 609.165 was not sufficiently comprehensive to exclude Traxel's previous felony convictions from consideration under the sentence enhancement provision of section 924(e)(1).

In *Presley*, this court rejected the defendant's claim that a Missouri statute had automatically restored his civil rights on his release from custody for a felony conviction. 851 F.2d at 1053. The statute in question provided that no person should suffer any legal disqualification or disability because of a criminal conviction except as necessarily incident to execution of the sentence; as provided by the Missouri code or constitution; as provided by the statute defining the crime of conviction; or as provided by the judgment or statute when the commission of the crime is reasonably related to the person's competence to exercise the right or privilege of which he is deprived. Mo.Ann.Stat. § 561.016. Relying on the legal disabilities which a number of other Missouri statutes imposed on convicted felons, the court held that Missouri had not "substantially preserved or restored the civil rights of released convicts, as contemplated by Congress" in section 921(a)(20). *Id.* (citing *United States v. Presley*, 667 F.Supp. 678, 679 (W.D.Mo. 1987)).

Following *Presley*'s reasoning, the district court found that Minnesota statutes which prohibit convicted felons from engaging in a variety of occupations and from possessing handguns placed restrictions on convicted felons' civil rights sufficient to prevent their convictions from qualifying for the exemption to sentence enhancement in section 921(a)(20).

Because of differences in the statutory schemes of Missouri and Minnesota regarding the rights and privileges of convicted felons, we believe the district court erred in applying the reasoning of *Presley* to Traxel's case. The Missouri statute which Presley claimed had automatically restored his civil rights purports to do no such thing. Rather, the statute provides that conviction

---

**6.** We note that our conclusion regarding section 921(a)(20)'s applicability to section 924(e) conflicts with that of *United States v. Sherbondy*, 865 F.2d 996, 1004–05 (9th Cir.1988). *Sherbondy* observed that "[i]f Congress had intended that state law be determinative [in defining a violent felony for purposes of section 924(e)], surely it would have said so, rather than defining the term itself." *Id.* at 1005. The *Sherbondy* court concluded that section 921(a)(20) does not apply to section 924(e). *Id.* This conclusion ignores Congress' inclusion of the phrase "crime punishable by imprisonment for a term exceeding one year" in its definition of "violent felony" in section 924(e)(2)(B). Section 921(a)(20) defines what constitutes a *conviction* of a crime punishable by imprisonment for more than one year for the entire firearms chapter of the United States Code. Thus, although section 924(e)(2)(B) governs which substantive crimes constitute violent felonies for sentence enhancement purposes, section 921(a)(20) controls and defines what constitutes a *conviction* of a violent felony for sentence enhancement purposes.

of a crime imposes no legal disqualifications or disabilities on a convicted felon *other than* those necessarily incident to the sentence and those specifically enumerated by Missouri law or the sentencing court. The statute thus *preserves* to convicted felons those rights not affected by conviction of a crime. The statute restores no rights otherwise forfeited as a result of conviction, and therefore could not, by itself, render Presley's prior conviction one "for which a person has ... had civil rights restored" within the meaning of section 921(a)(20). The *Presley* court thus properly looked to other Missouri statutes imposing disabilities on convicted felons as evidence that Presley's civil rights had not been substantially restored.

■ In contrast, the Minnesota statute on which Traxel relies specifically states that "[w]hen a person has been deprived of civil rights by reason of conviction of a crime and is thereafter discharged, such discharge shall restore the person to all civil rights and to full citizenship." Minn. Stat. § 609.165 subd. 1 (1989). This statutory restoration of civil rights operates automatically upon the expiration of a convicted felon's sentence. *See id.* subd. 2. In view of the plenary restoration of civil rights the statute provides, the district court unnecessarily and improperly resorted to other Minnesota statutes to determine whether Traxel's civil rights had been restored substantially enough to exempt his prior convictions from the sentence enhancement provision of section 924(e)(1). In this situation, unlike the one in *Presley*, such statutes are relevant to the inquiry regarding the restoration of civil rights only insofar as they concern the specific right implicitly in question in the federal

sentencing scheme: the right to possess firearms.

Minnesota has enacted two statutes restricting the right of a convicted felon to possess firearms. Whether Traxel's prior convictions require application of the fifteen-year mandatory minimum sentence in section 924(e)(1) therefore turns on the effect these statutes have on the restoration of his civil rights provided by Minn.Stat. § 609.165 subd. 1.

Section 921(a)(20) provides that any conviction for which a person has had civil rights restored "shall not be considered a conviction for purposes of this chapter, unless *such ... restoration of civil rights expressly provides* that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20) (1988) (emphasis added). Subdivision 1a of Minn. Stat. § 609.165 states that *the order of discharge restoring a convicted felon's civil rights* "*must provide* that a person who has been convicted of a crime of violence ... is not entitled to ship, transport, possess, or receive a firearm until ten years have elapsed since the person was restored to civil rights and during that time the person was not convicted of any other crime of violence." Minn.Stat. § 609.165 subd. 1a (1989) (emphasis added).

■ By requiring that the prohibition on firearms possession be explicitly stated in the order of discharge which otherwise restores a convicted felon's civil rights, subdivision 1a appears to constitute precisely the sort of express limitation on the right to possess firearms which Congress contemplated in enacting section 921(a)(20).[7] Thus, any conviction for a violent felony for which a person has had his civil rights

---

7. In reaching this conclusion, we find the reasoning of the district court in *United States v. Erwin*, 723 F.Supp. 1285, 1296–97 (C.D.Ill.1989), persuasive. The *Erwin* court addressed the question whether an Illinois statute prohibiting felons from possessing firearms created an express exception to the restoration of a felon's civil rights effected by another Illinois statute within the meaning of section 921(a)(20).

After reviewing case law preceding the enactment of section 921(a)(20) and the statute's legislative history, the court concluded:

Under prior law no state pardon could effectively relieve the federal firearm disability

unless the state pardon itself expressly renewed the convicted person's state right to possess firearms. Once again this led to such results as federal convictions in spite of state expungements, pardons or other restorations which allowed the defendant to possess firearms, because the state action did not include an express executive determination that the defendant could possess firearms. In addition to broadening the types of state relief recognizable for federal purposes, the amended § 921(a)(20) turns the tables on the presumption, as it·were, to be accorded state relief. No longer will convicted felons risk

restored under section 609.165 subdivision 1, as limited by the prohibition on firearms possession in subdivision 1a, clearly could be counted toward the three previous violent felony convictions requiring sentence enhancement under section 924(e)(1).

Subdivision 1a's limitation on the right to possess a firearm, however, was not enacted until 1987. It therefore could have no effect on convicted felons whose civil rights had been restored by order of discharge following the completion of their sentences before 1987. Accordingly, subdivision 1a could not, by itself, operate to remove Traxel's 1969 and 1977 convictions from the exception to enhanced sentencing in section 921(a)(20).

Another statute, Minn.Stat. § 624.713 subd. 1(b), states:

> The following persons shall not be entitled to possess a pistol:
>
> .        .        .        .        .
>
> a person who has been convicted in this state or elsewhere of a crime of violence unless ten years have elapsed since the person has been restored to civil rights or the sentence has expired, whichever occurs first, and during that time the person has not been convicted of any other crime of violence.

Minn.Stat. § 624.713 subd. 1(b) (1989).

The government contends that this statute specifically limits the restoration of Traxel's civil rights for his 1969 and 1977 convictions, allowing those convictions to be counted as violent felonies for purposes of applying the fifteen-year mandatory minimum sentence of section 924(e)(1). We disagree.

As noted above, the language of section 921(a)(20) requires a limitation on the right to possess firearms to be included in the same document restoring the convicted felon's civil rights following a felony conviction for that conviction to be counted as a previous violent felony under section 924(e)(1). *See United States v. Erwin*, 723 F.Supp. at 1297; *supra* note 7. This reasoning assumes, however, that the civil rights restored to a convicted felon under state law are coextensive with the civil rights Congress had in mind in enacting section 921(a)(20). Section 624.713 subdivision 1(b) provides evidence that since 1975, those civil rights restored to convicted felons by Minn.Stat. § 609.165 exclude the right to possess firearms. Because the right to possess firearms is the civil right with which section 921(a)(20) is concerned, Minnesota felony convictions for which civil rights were restored after the enactment of section 624.713 subdivision 1(b) do not constitute convictions "for which a person has had civil rights restored" within the meaning of section 921(a)(20). Applying this conclusion to Traxel, however, persuades us that two of his prior felony convictions still qualify for the exemption from sentence enhancement in section 924(e)(1).

Section 624.713 was enacted in 1975. All Minnesota statutes are presumptively prospective in effect. Minn.Stat. § 645.21 (1989) ("No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature."). Section 624.713 subdivision 1(b) therefore could not have retroactively limited the restoration of Traxel's civil rights for any conviction for which his sentence had expired before 1975. Traxel was discharged from parole for his 1969 aggravated assault conviction in 1973. He completed probation for his 1969 burglary conviction the same year.

prosecution unless their pardons allow firearm possession—instead they are protected from federal prosecution unless their state relief expressly provides that they may not possess firearms. We assume Congress meant with the amendment exactly what it meant in the prior law, and the "expressly provides" language was continually strictly construed to require language on the face of the document itself concerning firearm possession. *Id.*

The *Erwin* court went on to conclude, however, that the Illinois statute restricting a felon's access to firearms served as evidence that the "civil rights" restored to a convicted felon by another Illinois statute were not coextensive with the "civil rights" mentioned in section 921(a)(20). *Id.* at 1297–1300. "Whatever else Congress may have meant by 'civil rights,' it is clear it meant the right to possess firearms." *Id.* at 1297. The court thus held that a defendant convicted of violating section 922(g) must have had his right to possess firearms under state law restored following a prior conviction in order for that conviction to fall within the exemption to sentence enhancement in section 921(a)(20). *Id.* at 1298.

Accordingly, section 609.165 subdivision 1 fully restored Traxel's civil rights with respect to these convictions, with no limitation on the right to possess firearms, in 1973. Traxel's 1969 convictions therefore do not constitute convictions for violent felonies within the meaning of the sentence enhancement provision of section 924(e)(1).

Because only Traxel's 1977 burglary conviction and 1978 bank robbery conviction remain to be counted as violent felonies under section 924(e)(1), Traxel does not have the three previous convictions within the meaning of section 921(a)(20) required for application of the fifteen-year mandatory minimum sentence. Accordingly, Traxel should have been sentenced under 18 U.S.C. § 924(a)(2), which provides for a maximum sentence of ten years for a violation of section 922(g).

### CONCLUSION

We vacate Traxel's sentence under section 924(e)(1) and remand this case to the district court for resentencing pursuant to 18 U.S.C. § 924(a)(2).