**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

No. 96-3243

_____

United States of America,           *

                                  *

      Plaintiff - Appellee,     *

                                  *   Appeal from the United States

v.                           *   District Court for the

                                  *   Eastern District of Missouri.

Norman Ray Woodall,       *

                                  *

      Defendant - Appellant.   *

_____

Submitted:  April 17, 1997
Filed:   July 25, 1997

_____

Before LOKEN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

LOKEN, Circuit Judge.

In this 28 U.S.C. § 2255 proceeding, Norman Ray Woodall seeks relief from the fifteen-year sentence imposed under 18 U.S.C. § 924(e) following his conviction for violating § 922(g)(1), which prohibits felons from possessing firearms. The prior procedural history is set forth in Woodall v. United States, 72 F.3d 77 (8th Cir. 1995). Following our remand, the district court[1] concluded that Woodall has at least three qualifying predicate offenses and again imposed the fifteen-year sentence mandated by § 924(e). Woodall appeals, arguing that six Texas burglary convictions are not

_____

[1]The HONORABLE GEORGE F. GUNN, JR., United States District Judge for the Eastern District of Missouri.

predicate offenses because they qualify for the "civil rights restored" exclusion in § 921(a)(20), or alternatively, that § 924(e) as here applied violates his Fifth Amendment right to equal protection because it arbitrarily classifies violators based upon differing state laws. We affirm.

Section 924(e)(1)'s mandatory sentence applies to § 922(g) violators who have three prior convictions for "a violent felony or a serious drug offense." Woodall concedes that the burglaries in question were violent felonies under § 924(e)(2)(B)(ii), as construed in Taylor v. United States, 495 U.S. 575, 602 (1990). However, Woodall argues that his Texas burglary convictions are excluded as predicate violent felony offenses under the following portion of § 921(a)(20):

> Any conviction . . . for which a person has . . . had [his] civil rights restored shall not be considered a conviction for purposes of this chapter, unless such . . . restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

Woodall argues that his right to possess a firearm has been restored under Texas law and therefore his burglary convictions are not § 924(e) predicate offenses. This is a question of state law that we review *de novo*. See United States v. Dockter, 58 F.3d 1284, 1289-90 (8th Cir. 1995), cert. denied, 116 S. Ct. 932 (1996).

The fatal flaw in Woodall's argument is its exclusive focus on his right to possess a firearm under Texas law, whereas § 921(a)(20) explicitly instructs us to focus first on whether he has had "civil rights restored." As we explained in Presley v. United States, 851 F.2d 1052, 1053 (8th Cir. 1988), the statute's focus on "civil rights" requires examination of a broad range of legal disabilities imposed on convicted felons to see whether a particular State substantially restores those rights when a felon is discharged from prison. Only if the State has generally restored civil rights -- either by statute or by the terms of a prison discharge -- do we look at whether the State nonetheless prohibits the possession of firearms, in which case the § 921(a)(20)

-2-

exclusion does not apply and the prior violent felony conviction remains a § 924(e) predicate offense.[2]  In other words, as the Fifth Circuit explained in United States v. Thomas, 991 F.2d 206, 214-15 (5th Cir.), cert. denied, 510 U.S. 1014 (1993), "[t]he isolated right to possess firearms, in the absence of restoration of such core civil rights as well, does not immunize convicted felons from [the § 924(e) sentence enhancement]."

Woodall relies on language in prior Eighth Circuit cases that focused primarily on the defendant's right to possess firearms under the applicable state law.  However, those cases involved prior convictions in Minnesota and Iowa, States which have enacted statutes broadly restoring civil rights upon discharge from prison.  Thus, the fighting issue in those cases was whether the State had also restored the discharged felon's right to possess firearms.[3]  Here, we must construe Texas law, which like the Missouri law at issue in Presley has no statute generally restoring civil rights, as the Supreme Court noted in Beecham v. United States, 511 U.S. 368, 373 (1994).

---

[2]The Senate Judiciary Committee Report explained that the firearms exception was added to the § 921(a)(20) exclusion to give States flexibility in cases where the restoration of civil rights was "based upon considerations not relating to fitness to own a firearm."  S. REP. NO. 97-476, at 12 (1982), quoted in United States v. Cassidy, 899 F.2d 543, 548 (6th Cir. 1990).

[3]See United States v. Wind, 986 F.2d 1248, 1250-51 (8th Cir. 1993) (Minnesota law); Bell v. United States, 970 F.2d 428, 429-30 (8th Cir. 1992) (Iowa); United States v. Ellis, 949 F.2d 952, 954 (8th Cir. 1991) (Minnesota); United States v. Davis, 936 F.2d 352, 356 (8th Cir. 1991) (Minnesota), cert. denied, 503 U.S. 908 (1992); United States v. Traxel, 914 F.2d 119, 123 (8th Cir. 1990) (Minnesota).  See also Dockter, 58 F.3d at 1289-91, where we assumed that other civil rights had been restored under North Dakota law but upheld the § 924(e) enhancement because the right to possess firearms had not, and Davis v. United States, 972 F.2d 227, 231 (8th Cir. 1992), cert. denied, 507 U.S. 950 (1993), construing Nebraska law.

That leaves us with the question Woodall has not addressed -- whether Texas has substantially restored his "civil rights." Texas has no statute that broadly restores civil rights upon discharge from prison. A State may also restore civil rights piecemeal. See Presley, 851 F.2d at 1053. Our sister circuits agree that the three key civil rights for this purpose are the right to vote, the right to hold public office, and the right to sit on a jury. See United States v. Caron, 77 F.3d 1, 2 (1st Cir. 1996) (en banc); United States v. McKinley, 23 F.3d 181, 183-84 (7th Cir. 1994); United States v. Essig, 10 F.3d 968, 975-76 (3d Cir. 1993); United States v. Gomez, 911 F.2d 219, 221 (9th Cir. 1990); Cassidy, 899 F.2d at 549. Applying this standard, the Fifth Circuit surveyed the laws of Texas piecemeal in Thomas -- a task at which that court has far more experience than do we -- and concluded "that Texas does *not* restore to any felon, whether violent or non-violent, the three civil rights considered key." 991 F.2d at 214. The Tenth Circuit subsequently surveyed Texas law in applying § 921(a)(20) in United States v. Maines, 20 F.3d 1102 (10th Cir. 1994). It noted that convicted felons may vote two years after receiving a certificate of discharge, see TEX. ELEC. CODE ANN. § 11.002(4) (A) (West 1986), but agreed with Thomas that key civil rights are not otherwise restored. Id. at 1104. We have examined the Texas statutes cited in Thomas and Maines and agree with those courts that Texas has not by statute substantially restored the civil rights of a discharged felon such as Woodall. As Woodall has not presented a prison discharge certificate purporting to restore those key civil rights, the district court properly counted his prior burglary convictions in imposing the § 924(e) sentence enhancement.

Woodall also argues that his fifteen-year sentence under § 924(e) violates his Fifth Amendment right to equal protection of the law because the statute "creates a sentencing scheme whereby the length of sentence is determined by whether or not a defendant is fortunate enough to have committed his . . . prior offenses in a state which restores civil rights to convicted felons." This same attack on § 924(e) was rejected in United States v. Phelps, 17 F.3d 1334, 1342-45 (10th Cir.), cert. denied, 513 U.S. 844 (1994), and in United States v. Bregnard, 951 F.2d 457, 461 (1st Cir. 1991), cert.

-4-

denied, 504 U.S. 973 (1992).  The same challenge to a predecessor statute was rejected in United States v. Houston, 547 F.2d 104, 107 (9th Cir. 1976), and in United States v. Burton, 475 F.2d 469, 471 (8th Cir.), cert. denied, 414 U.S. 835 (1973).  We agree with those decisions.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.