**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 96-3658EM

John A. Fuller,                  *

                           *

          Appellant,       *     Appeal from the United States

                           *     District Court for the Eastern

    v.                     *     District of Missouri.

                           *

United States of America,     *       [UNPUBLISHED]

                           *

          Appellee.        *

———————————

Submitted: February 5, 1998
Filed: March 3, 1998

———————————

Before FAGG, BEAM, and HANSEN, Circuit Judges.

———————————

PER CURIAM.

John A. Fuller appeals the district court's order denying his 28 U.S.C. § 2255 motion. Relying on counsel's failure to raise the issue in this appeal at sentencing or on direct appeal, Fuller contends his fifteen-year sentence for being a felon in possession of a firearm should be set aside because two of his three earlier felony convictions relied on for sentencing under 18 U.S.C. § 924(a)(1) should have been excluded as predicate convictions under 18 U.S.C. § 921(a)(20). We disagree and affirm.

Fuller contends Mo. Rev. Stat. § 560.610 (1969) (repealed in 1979) exempted him from forfeiture of his civil rights because the challenged convictions for robbery and burglary occurred when he was under twenty years of age, and he would have retained his right to vote, to hold office, and to serve as a juror. Although Fuller correctly argues that now-repealed § 560.610 exempted Fuller from the disqualification of rights that would have otherwise resulted from his robbery and burglary convictions, the statute did not exempt Fuller from losing rights under other statutes then in effect. See Mo. Rev. Stat. §§ 494.020 (1969) (repealed in 1989) (convicted felons ineligible for jury service), 57.010 (1994) (convicted felons ineligible for election to office of sheriff), and 43.060 (1994) (convicted felons ineligible for highway patrol service). Thus, Fuller's civil rights were not fully restored within the meaning of § 921(a)(20). See Presley v. United States, 851 F.2d 1052, 1053 (8th Cir. 1988). Fuller did not claim that his civil rights had been restored under any other Missouri statute.

We affirm the judgment of the district court. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-