UNITED STATES of America,

v.

**Demetrius HILL a/k/a Demetrius Capone a/k/a Meechie Hill, Defendant.**

No. 02–CR–0728(DRH)(ETB).

United States District Court, E.D. New York.

Jan. 6, 2005.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York by Richard P. Donoghue, A.U.S.A., Central Islip, NY, for the Government.

Demetrius Hill, New York City, Pro Se.

Jerry L. Tritz, Esq., New York City, Susan G. Kellman, Esq., Brooklyn, NY, for Defendant.

## MEMORANDUM AND ORDER

HURLEY, District Judge.

By notice of motion dated December 2, 2004, Demetrius Hill ("Hill" or "defendant") moves to dismiss Count One of the indictment. That count charges defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In seeking such relief, defendant focuses on the statutory definition of what constitutes a felony conviction under Section 922(g)(1), as well as the exempting language found in 18 U.S.C. § 921(a)(20).

Section 921(a)(20) provides in pertinent part:

> What constitutes a [felony] conviction ... shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or *has had civil rights restored* shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

(Emphasis added.)

Defendant maintains that, although he has not been granted a pardon or had his conviction expunged or otherwise set aside, "his civil rights [were] restored" pursuant to Section 79 of the New York Civil Rights Law. That statute provides in pertinent part:

> Except as provided in subdivision two a sentence of imprisonment in a state correctional institution for any term less than for life or a sentence of imprisonment in a state correctional institution for an indeterminate term, having a minimum of one day and a maximum of natural life, forfeits all the public offices, and suspends, *during the term of the sentence,* all the civil rights, and all private trusts, authority, or powers of, or held by, the person sentenced.

(Emphasis added.)

In opposing Hill's application, the government maintains—correctly so—that the Section 921(a)(20) exemption does not apply because the defendant's civil rights were not adequately restored and, even if they arguably were, he is precluded from possessing a firearm under New York law.

*Restoration of Defendant's Civil Rights*

■ What constitutes an adequate restoration of civil rights to activate the exemption in Section 921(a)(20)? Although it appears that the Second Circuit has not had an opportunity to squarely address that issue, the Circuit has noted that "the pertinent civil rights in question are those which most states extend by virtue by citizenship within their borders: (i) the right to vote; (ii) the right to hold elective office; and (iii) the right to sit on a jury." *McGrath v. United States*, 60 F.3d 1005, 1007 (2d Cir.1995), citing *United States v. Cassidy*, 899 F.2d 543, 549 (6th Cir.1990). The defendant in *Cassidy* was found by the Sixth Circuit to have had a " 'restoration of civil rights' as contemplated by 18 U.S.C. § 921(a)(20) because after his release from prison, the right to vote, to serve on a jury and to seek and hold public office were restored to him." *Id.* at 550. By way of contrast, Hill, upon completion of his sentence, continued to be statutorily ineligible to serve as a juror. *See* New York Judiciary Law § 510(3) ("In order to qualify as a juror a person must … [n]ot have been convicted of a felony.").

The sole non-restored civil right cited by the government is Hill's ineligibility to serve as a juror. But even if Hill is entitled to vote and hold public office, that is not enough for purposes of Section 921(a)(20). *See, e.g., United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir.1994) ("[u]nder Oklahoma law, Defendant, as a convicted felon, is prohibited from serving on a jury. Defendant's ability to serve on a jury means that he has not had his civil rights fully restored") (citations omitted); *United States v. Maines*, 20 F.3d 1102, 1104 (10th Cir.1994); *United States v. Metzger*, 3 F.3d 756, 759 (4th Cir.1993) (holding that statutory entitlement to for-cause challenges against felons was suffi-

cient to preclude defendant from finding shelter in Section 921(a)(20) exemption).

*Defendant, as Convicted Felon, is Precluded From Possessing a Firearm Under the New York Law*

■ Even if, arguendo, the defendant's civil rights were adequately restored for purposes of Section 921(a)(20), Hill still would not be entitled to the subject exemption because New York law specifically precludes him from possessing a firearm.

As explained in *Cassidy:*

> The effect of the third sentence of the definition [regarding restoration of civil rights as contemplated by Section 921(a)(20)] is to exempt a person from federal firearms disabilities, notwithstanding a felony conviction, if such person has "had civil rights restored … unless such … restoration of civil rights expressly provides that a person may not ship, transport, possess, or receive firearms."

899 F.2d at 546.

New York's civil rights restoration statute, Civil Rights Law Section 79, is silent as to firearms. As a result, it could be argued that since, in the language of Section 921(a)(20), "such … restoration of civil rights [does not] expressly provide[ ] that the person may not ship, transport, possess, or receive firearms," the statutory exemption is available to Hill. However, Section 79 may not be read in isolation. *United States v. McLean*, 904 F.2d 216, 218 (4th Cir.1990). As noted by the Eighth Circuit in *United States v. Woodall*, if civil rights have been restored, "we [then] look at whether the state nonetheless prohibits the possession of firearms, in which case the § 921(a)(20) exclusion does not apply." 120 F.3d 880, 881 (8th Cir. 1997). *See also United States v. Erwin*, 902 F.2d 510, 512–13 (7th Cir.1990) (automatic restoration of civil rights pursuant to

a state statute does not bring a defendant within the Section 921(a)(20) exclusion if another state statute prevents that defendant from possessing a firearm); *Cassidy,* 899 F.2d at 549–50.

Here, as in *Woodall* and *Erwin,* another state statute expressly precludes a convicted felon from possessing a firearm, viz. New York Penal Law Section 265.01(4). Section 264.01(4) provides that "[a] person is guilty of possession of a weapon in the fourth degree when . . . [h]e possess a rifle or shotgun and has been convicted of a felony or serious offense."

### CONCLUSION

For Hill to find refuge in the Section 921(a)(20) exemption to Section 922(g)(1), he must establish both that he had his civil rights restored upon the completion of his sentence, and that he was not precluded for possessing firearms under New York law. In that he has established neither, his application to dismiss Count One of the indictment upon the ground that he is not a convicted felon is denied.

SO ORDERED.