# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2156

_____

| | | |
|---|---|---|
| United States of America | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Ronald Gene Brown | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 14, 2005
Filed: May 9, 2005

_____

Before WOLLMAN, McMILLIAN, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

In August 2002, while executing a consent search, the Cape Girardeau sheriff uncovered 91 rounds of ammunition at the residence of Ronald Gene Brown. A jury convicted Brown of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced him to 188 months imprisonment as an armed career criminal.

_____

[1] The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

Brown appeals, arguing that the state restored his rights so that he has not been "convicted" of a prior felony, and that the sentence was improper as his prior convictions were not "serious drug offenses." This court reviews these issues de novo. *See United States v. Woodall,* 120 F.3d 880, 881 (8th Cir. 1997); *United States v. Collins,* 321 F.3d 691, 696 (8th Cir. 2003). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

A person convicted in any court of a crime punishable by more than one year may not possess ammunition. **18 U.S.C. § 922(g)(1)**. The predicate conviction cannot have been expunged or set aside, nor can the person have been pardoned for it, or had civil rights restored. **18 U.S.C. § 921(a)(20)**; *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). The status of a conviction is determined by the law of the jurisdiction where the proceedings were held – in this case, Missouri. *See* **18 U.S.C. § 921(a)(20)**; *Caron v. United States*, 524 U.S. 308, 313 (1998).

Brown asserts that Missouri has restored his civil rights, eliminating his four state felonies as predicates for section 922(g)(1). Missouri automatically restores some civil rights, such as voting (upon release from confinement) and holding office (upon completion of sentence). *See* **Mo. Rev. Stat. §§ 561.016, 561.026(1)**, **561.021.2.**[2] However, felons may not serve as jurors, sheriffs, highway patrol officers, state fire investigators or employees, state lottery licensees or employees, or manage, conduct or operate bingo games. *See* **Mo. Rev. Stat. §§ 494.425(4)**, **540.045.1**, **561.026(3)**, **57.010.1**, **43.060.1**, **320.210**, **313.245**, **313.255.6(2)**, **313.035.1(1)**; **Mo. Const. Art. III, sec. 39(a)(3)(e)**. Moreover, felons face statutory hurdles to being licensed in many occupations and professions. *See* Appendix A to this opinion.

---

[2]All citations to Missouri Revised Statutes are to the 2000 revision, unless otherwise indicated.

Because Missouri withholds substantial civil rights, Brown has not been restored to sufficient civil rights in order to invoke section 921(a)(20). *See Presley v. United States*, 851 F.2d 1052, 1053 (8th Cir. 1988); *United States v. Williams*, 128 F.3d 1128, 1134 (7th Cir. 1997) (applying Missouri law); *United States v. Meeks*, 987 F.2d 575, 577-78 (9th Cir.), *cert. denied*, 510 U.S. 919 (1993) (applying Missouri law).

Finally, Brown argues that Article I, Section 23, of the Missouri Constitution guarantees *all* citizens the right to bear arms. Even this civil right is qualified, as Article I, Section 23, leaves the regulation of concealed weapons to the General Assembly. *Brooks v. State,* 128 S.W.3d 844, 848-49 (Mo. 2004). The Assembly has specifically prohibited felons from possessing concealed weapons. *See* **Mo. Rev. Stat. § § 571.101.2(2)**; **571.030.1(2), .4 (Supp. 2003)**. As the legislature has chosen not to restore substantially a felon's right to bear arms, Brown's state convictions were proper predicates for section 922(g)(1). *See United States v. Ellis*, 949 F.2d 952, 953 (8th Cir. 1991) (applying Minnesota law); *United States v. Traxel*, 914 F.2d 119, 123 (8th Cir. 1990) (applying Minnesota law).

## II.

In April 1991, Brown pleaded guilty to three Missouri felonies: delivery of methamphetamine, delivery of more than five grams of marijuana, and delivery of hydromorphone. *See* **Mo. Rev. Stat. § 195.211**. Each conviction carried a five- to fifteen-year sentence.

The district court ruled that these three convictions were serious drug offenses. Brown thus faced a mandatory minimum 15-year sentence for his conviction under section 922(g)(1). *See* **18 U.S.C. § 924(e)(1)**; *United States v. Long*, 320 F.3d 795, 801-02 (8th Cir. 2003). A serious drug offense includes "an offense under State law,

involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance. . . ."  **18 U.S.C. § 924(e)(2)(A)(ii)**.

Because this statutory definition omits "delivering," Brown argues that his state convictions are not serious drug offenses.  He claims delivery is similar to simple possession, which is not a serious drug offense.  *See United States v. Whitfield*, 907 F.2d 798, 800 (8th Cir. 1990)  (possession conviction is not a serious drug offense where it is unclear whether the conviction is for mere possession, or possession with intent to distribute or manufacture).

To determine whether state convictions involve distributing or manufacturing controlled substances, a court begins with the statutory definition of the state offense.  *Taylor v. United States*, 495 U.S. 575, 602 (1990).  Here, the Missouri statute prohibiting delivery of controlled substances states:

> it is unlawful for any person to distribute, deliver, manufacture, produce or attempt to distribute, deliver, manufacture or produce a controlled substance or to possess with intent to distribute, deliver, manufacture, or produce a controlled substance.

**Mo. Rev. Stat. § 195.211**.  Brown argues that Missouri distinguishes "deliver" – of which he was convicted – from "distribute" – which is required for a serious drug offense.  To the contrary, Missouri defines "distribute" as "to *deliver* other than by administering or dispensing a controlled substance."  **Mo. Rev. Stat. § 195.010(12)** (emphasis added).  *See State v. Carouthers*, 714 S.W.2d 867, 870 (Mo. App.  1986) (many terms in chapter 195 – including *distribute* and *deliver* – are redundant).  Brown's state convictions involve distributing controlled substances. *See Long,* 320 F.3d at 802.

The judgment is affirmed.

_____

## Appendix A

1. A person who has been convicted of any listed felony shall not be employed as a:

| | |
|---|---|
| school bus driver | § 302.272.5(3) (Supp. 2004) |
| mental-health direct-care employee | § 630.170.2 (Supp. 2003) |
| direct retail seller of liquor | 11 Mo. Code Regs. 70-2.140(11)(A) (2004) |
| •bar manager | *implementing* Mo. Rev. Stat. |
| •bartender | § 311.060, *in response to* |
| •waiter | ***Levinson v. State***, |
| •waitress | 104 S.W.3d 409, 413 (Mo. 2003). |
| •cashier | |
| •sales clerk | |

2. Felony conviction per se disqualifies a person from applying to be a lawyer, until five years after completing sentence. Then a felony conviction becomes part of "character and fitness" determination required before licensing. Mo. Supreme Court Rule 8.04(a) (2003) (see also accompanying regulation of Board of Law Examiners). For a licensed attorney, any felony conviction and many misdemeanor convictions cause an immediate suspension, and eventually, some form of discipline. Mo. Supreme Court Rule 5.21 (1996).

3. Statutes providing that a license may be refused to any person "convicted of a felony":

| | |
|---|---|
| teaching certificate | § 168.071.1(1) |
| insurance adjuster | § 325.030.3 |
| insurance agent | § 375.141.1(6) |
| securities broker-dealer | § 409.4-412(d)(3) |

4. Statutes providing that a license may be refused (or revoked) if the applicant "has been finally adjudicated and found guilty, or entered a plea of guilty or nolo contendere, in a criminal prosecution under the laws of any state or of the United States, for any offense reasonably related to the qualifications, functions or duties of any profession licensed or regulated under this chapter, for any offense an essential element of which is fraud, dishonesty or an act of violence, or for any offense involving moral turpitude, whether or not sentence is imposed":

| | |
|---|---|
| ambulance services and emergency medical personnel | § 190.165.2(2) |
| ambulatory surgical center | § 197.220.1 |
| interpreters for deaf | § 209.334.2(2) |
| cemetery operator | § 214.276.2(2) |
| pesticide applicator, dealer | § 281.060.1 |
| motor vehicle, boat dealer or manufacturer | § 301.562.2(3) (Supp. 2004) |
| boxer, wrestler, or promoter | § 317.015.2(2)(b) |
| occupational therapist | § 324.086.2(2) (Supp. 2004) |
| licensed dietitian | § 324.217.2(5) (Supp. 2004) |
| massage therapist | § 324.262.2(2) |
| certified interior designer | § 324.436.2(1) |
| acupuncturist | § 324.496.2(1) |
| private fire investigator | § 324.609.4(2) (Supp. 2004) |
| certified public accountant | § 326.310.2(2) (Supp. 2004) |
| architect, professional engineer, professional land surveyor | § 327.441.2(2) |
| landscape architect | § 327.631.2(1) |
| barber | § 328.150.2(2) |
| cosmetologist, hairdresser, manicurist | § 329.140.2(2) |
| podiatrist | § 330.160.2(2) |

| | |
|---|---|
| chiropractor | § 331.060.2(2) |
| dentist | § 332.321.2(2) (Supp. 2004) |
| embalmer | § 333.121.2(2) |
| physician, surgeon | § 334.100.2(2) (Supp. 2004) |
| anesthesiologist assistant | § 334.414.5(2) (Supp. 2004) |
| athletic trainer | § 334.715.1 (Supp. 2004) |
| respiratory therapist | § 334.920.2(2) |
| nurse | § 335.066.2(2) |
| optometrist | § 336.110.2(2) |
| psychologist | § 337.035.2(2) |
| professional counselor | § 337.525.2(2) |
| clinical social worker | § 337.630.2(2) |
| marital and family therapist | § 337.730.2(2) |
| pharmacist | § 338.055.2(2) (Supp. 2004) |
| pharmacy technician | § 338.013.2 (Supp. 2004) |
| real estate agent | § 339.100.2(18) (Supp. 2004) |
| real estate appraiser | § 339.532.2(4) |
| veterinarian | § 340.264.2(2) |
| nursing home administrator | § 344.050.2(2) |
| speech pathologist or audiologist | § 345.065.2(2) |
| hearing aid fitter or dealer | § 346.105.2(2) |
| bail bond agent (conviction within 15 years before license issuance) | § 374.755.2(2) (Supp. 2004) |
| surety recovery agent | § 374.789.1(2) |
| athlete agent | § 436.233.2(1) |

5.  Except as otherwise specifically provided by law, no license for any occupation or profession shall be denied solely on the grounds that an applicant has been previously convicted of a felony. § 620.135.  *See also* § 314.200 ("good moral character" determination may not be primarily based on felony conviction).