# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2801

———————

United States of America,

          Appellee,

v.

Willie Johnson,

          Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Western District of Missouri.
\*
\*      [UNPUBLISHED]
\*

———————

Submitted: May 5, 2005
Filed: May 10, 2005

———————

Before BYE, RILEY, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Willie Johnson (Johnson) appeals the sentence the district court[1] imposed for a felon-in-possession offense, in violation of 18 U.S.C. § 922(g)(1). After the court accepted Johnson's guilty plea, the government gave notice of its intent to enhance Johnson's sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), listing five prior Missouri state convictions for second-degree burglary, all of which also were noted in the presentence investigation report (PSR). See 18 U.S.C. § 924(e)

———————

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

(stating any defendant who violates § 922(g) and has 3 prior convictions for violent felony or serious drug offenses must be imprisoned for not less than 15 years).

At the sentencing hearing, the district court adopted the PSR but expressed concern that Johnson had entered his guilty plea believing he was subject to a 10-year maximum rather than a 15-year mandatory minimum prison term; the court offered that Johnson could either withdraw his guilty plea or plead guilty a second time and face a 15-year prison term. After Johnson expressed frustration with the situation, the court postponed the hearing to allow the court and parties to research how sentencing should proceed. At a subsequent hearing held three weeks later, the district court again asked Johnson to choose whether he wished to withdraw his guilty plea or to proceed with sentencing knowing he was subject to a 15-year prison term; Johnson responded, "Yes. Proceed with it, Judge." The court then sentenced Johnson to 180 months (15 years) in prison and 3 years supervised release.

Johnson's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing Johnson's sentence violates his due process and equal protection rights, because Johnson was not given notice that he was subject to an enhanced sentence under section 924(e). Johnson has filed a pro se supplemental brief, arguing the district court plainly erred under Blakely v. Washington, 124 S. Ct. 2531 (2004), in classifying him as an armed career criminal, because a jury should have decided whether his prior convictions were violent felonies.

These arguments fail. Johnson's sentence does not violate his due process or equal protection rights, because the PSR referenced the convictions underlying his classification as an armed career criminal and Johnson did not object to these facts, and Congress had a rational basis for requiring enhanced sentences for those with three prior convictions for violent felonies. See United States v. Bates, 77 F.3d 1101, 1105-06 (8th Cir. 1996) (rejecting due process argument), United States v. Woodall,

120 F.3d 880, 882 (8th Cir. 1997) (rejecting equal protection argument). Also, Johnson's sentence does not implicate United States v. Booker, 125 S. Ct. 738 (2005). See United States v. Painter, 400 F.3d 1111, 1111 (8th Cir. 2005) (holding, because section 924(e) sentence was mandated by statute, it was free of error under Booker).

Having carefully reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____