# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1392

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Stanley F. Moody, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 6, 2007
Filed: April 11, 2007

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Stanley F. Moody pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Finding that Moody was an armed career criminal, the district court[1] sentenced him to the statutory mandatory minimum of 15 years in prison, to be followed by 5 years of supervised release. See 18 U.S.C. § 924(e)(1); U.S.S.G. § 4B1.4. Moody's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in assessing criminal history points for a robbery sentence that Moody had completed more than fifteen years before committing the instant offense, and that the

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

Armed Career Criminal Act (ACCA) violates the Double Jeopardy Clause.  In a pro se supplemental brief, Moody joins in these arguments and raises numerous others.

The double-jeopardy and criminal-history arguments fail:  the ACCA does not violate the Double Jeopardy Clause, <u>see</u> <u>United States v. Conner</u>, 886 F.2d 984, 985 (8th Cir. 1989) (per curiam), and any error in assessing criminal history points was harmless as Moody received the statutory mandatory minimum sentence, <u>see</u> <u>United States v. Raad</u>, 406 F.3d 1322, 1323 n.1 (11th Cir.) (per curiam) (when district court correctly imposes statutory mandatory minimum sentence, any error in Guidelines calculations is harmless), <u>cert. denied</u>, 126 S. Ct. 196 (2005).

We also reject seriatim the other arguments that Moody raises in his pro se supplemental brief, which we review only for plain error because they are raised for the first time on appeal.  <u>See</u> <u>United States v. Gonzales</u>, 339 F.3d 725, 728 (8th Cir. 2003) (issues not raised before district court are reviewed for plain error). Specifically, Moody's prior convictions clearly qualified him for armed-career-criminal status; the district court used the version of the Guidelines that was in effect when Moody committed the instant offense, rather than a later version as he asserts; application of the ACCA does not depend on whether a felon-in-possession offense is itself considered to be a violent felony, but on whether the offender has the requisite violent felonies or serious drug offenses; and Moody's arguments regarding equal protection, due process, and the Eighth Amendment are unavailing, <u>see</u> <u>United States v. Harris</u>, 324 F.3d 602, 607 (8th Cir. 2003) (Eighth Amendment); <u>United States v. Woodall</u>, 120 F.3d 880, 882 (8th Cir. 1997) (equal protection); <u>United States v. Bates</u>, 77 F.3d 1101, 1105-06 (8th Cir. 1996) (due process).

After reviewing the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal.  Accordingly, we grant counsel leave to withdraw, and we affirm the district court's judgment.

_____